# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARILYN MILSON, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    Case No. CIV-17-684-G |
| | ) |
| NANCY A. BERRYHILL, Acting | ) |
| Commissioner of Social Security, | ) |
| | ) |
|     Defendant. | ) |

## OPINION AND ORDER

Plaintiff Marilyn Milson brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying Plaintiff's application for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-434. Upon review of the administrative record (Doc. No. 10, hereinafter "R. \_"),[1] and the arguments and authorities submitted by the parties, the Court affirms the Commissioner's decision.

PROCEDURAL HISTORY AND ADMINISTRATIVE DECISION

Plaintiff protectively filed her DIB application on September 6, 2013, alleging a disability-onset date of July 29, 2013. R. 13, 159-63. Following denial of her application initially and on reconsideration, a hearing was held before an Administrative Law Judge ("ALJ") on June 16, 2015. R. 13, 35-71, 94-97, 101-03. In addition to Plaintiff, a

---

[1] With the exception of the administrative record, references to the parties' filings use the page numbers assigned by the Court's electronic filing system.

vocational expert ("VE") testified at the hearing. *See* R. 65-69. The ALJ issued an unfavorable decision on February 19, 2016. R. 10-34.

As relevant here, the Commissioner uses a five-step sequential evaluation process to determine entitlement to disability benefits. *See Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009); 20 C.F.R. § 404.1520. At step one, the ALJ found that Plaintiff had engaged in substantial gainful activity beginning October 1, 2014, and ending June 14, 2015, but at no other time from her alleged onset date until October 1, 2014. R. 15-16. Noting, however, that the resulting earnings may possibly qualify the period as a trial work period and/or an extended period of eligibility, as defined by 20 C.F.R. §§ 404.1592, .1592a, the ALJ proceeded with the five-step sequential evaluation process. R. 16. At step two, the ALJ determined that Plaintiff had the severe impairments of: "degenerative joint disease of the hips; osteoarthritis, multiple sites, status post surgeries, March 2013 left knee and June 2009 and right knee; obesity; disorders of the cervical and lumbar spine, discogenic and degenerative; hypertension; diabetes mellitus; and hyperlipidemia." R. 16-18. At step three, the ALJ found that Plaintiff's condition did not meet or equal any of the presumptively disabling impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. R. 18-19.

The ALJ next assessed Plaintiff's residual functional capacity ("RFC") based on all of her medically determinable impairments. R. 20-27. The ALJ found that Plaintiff retained the RFC to perform sedentary work, with the following limitations:

> [Plaintiff] can only: occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl; never climb ropes, ladders, or scaffolds; must avoid exposure to industrial type vibration; can sit for about 30 minutes at any one

time, before standing briefly at the workstation for about 5 minutes; and cannot stand and/or walk for more than 30 minutes at any one time.

R. 20.

At step four, the ALJ considered the testimony of the VE and found that Plaintiff was able to perform her past relevant work as an Audit Clerk, Customer Service Representative, Computer Technical Support Technician, and Sales Associate, both as such work was actually performed by Plaintiff and as such work is generally performed in the national economy. R. 27-28; *see* 20 C.F.R. § 404.1560(b)(1), (2). The ALJ further found that Plaintiff was capable of performing her past relevant work as a General Clerk, Collector, and Inventory Clerk, but only as such work was actually performed by Plaintiff. R. 27-28; *see* 20 C.F.R. § 404.1560(b)(1), (2).

The ALJ therefore determined that Plaintiff had not been disabled, within the meaning of the Social Security Act, from July 29, 2013, through the date of the decision. R. 28; *see* 20 C.F.R. §§ 404.1520(a)(4)(iv), (f), .1560(b)(3). Plaintiff's request for review by the Appeals Council was denied, and the unfavorable determination of the ALJ stands as the Commissioner's final decision. R. 1-5; *see* 20 C.F.R. § 404.981.

## STANDARD OF REVIEW

Judicial review of the Commissioner's final decision is limited to determining whether factual findings are supported by substantial evidence in the record as a whole and whether correct legal standards were applied. *Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th

Cir. 2003) (internal quotation marks omitted). "A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Branum v. Barnhart*, 385 F.3d 1268, 1270 (10th Cir. 2004) (internal quotation marks omitted). The court "meticulously examine[s] the record as a whole," including any evidence "that may undercut or detract from the ALJ's findings," "to determine if the substantiality test has been met." *Wall*, 561 F.3d at 1052 (internal quotation marks omitted). While a reviewing court considers whether the Commissioner followed applicable rules of law in weighing particular types of evidence in disability cases, the court does not reweigh the evidence or substitute its own judgment for that of the Commissioner. *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008).

ANALYSIS

In her request for judicial review, Plaintiff challenges the ALJ's evaluation of the medical opinions of a treating source and a state-agency examining psychologist. Pl.'s Br. (Doc. No. 13) at 2-11. The Court finds that Plaintiff's arguments lack merit.

I. *The ALJ Properly Evaluated the Treating Physician's Medical Opinion*

The record reflects that Plaintiff received medical treatment from her treating physician, Shabbir A. Chaudry, MD, both prior to and during the relevant period of July 29, 2013, to February 19, 2016. *See* R. 480-87, 547-52, 608-11, 624-27. Plaintiff asserts that the ALJ legally erred by failing to assess Dr. Chaudry's opinion in accordance with the "treating physician rule" and by crediting only its portions that supported a finding of nondisability. *See* Pl.'s Br. at 3-6, 6-9.

A. The Treating-Physician Rule

By regulation, a treating source's medical opinion generally is given "more weight" than that of a nontreating source. 20 C.F.R. § 404.1527(a)(2), (c)(2); *Langley v. Barnhart*, 373 F.3d 1116, 1119 (10th Cir. 2004). Under Tenth Circuit authority, the evaluation of a treating physician's opinion follows a two-step procedure. *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003). First, the ALJ must determine whether the treating physician's opinion should be given "controlling weight" on the matter to which it relates. *See id.*; 20 C.F.R. § 404.1527(c)(2). The medical opinion of a treating physician must be given controlling weight if it is both *"*well-supported by medically acceptable clinical and laboratory diagnostic techniques" and "not inconsistent with the other substantial evidence" in the record. 20 C.F.R. § 404.1527(c)(2); *Watkins*, 350 F.3d at 1300 (applying SSR 96-2p, 1996 WL 374188, at *2 (July 2, 1996)).[2] Second, if the ALJ has determined that the medical opinion of a treating physician is not entitled to controlling weight, the ALJ must determine what lesser weight to afford the opinion. *See Watkins*, 350 F.3d at 1300-01; *Langley*, 373 F.3d at 1119. This inquiry requires the ALJ to weigh the treating source opinion using the regulatory factors prescribed in 20 C.F.R. § 404.1527(c)(2)-(6):

> (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or

---

[2] Social Security Ruling 96-2p has been rescinded for claims filed on or after March 27, 2017. *See* Rescission of Social Security Rulings 96-2p, 96-5p, and 06-3p, 82 Fed. Reg. 15263-01 (Mar. 27, 2017).

5

contradict the opinion.

*Watkins*, 350 F.3d at 1301 (internal quotation marks omitted); *see* 20 C.F.R. § 404.1527(c)(2)-(6).

The ALJ must both consider the factors and provide "good reasons" for the weight he or she ultimately affords the opinion. 20 C.F.R. § 404.1527(c)(2). The ALJ's decision "'must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'" *Watkins*, 350 F.3d at 1300 (quoting SSR 96-2p, 1996 WL 374188, at *5). If the ALJ chooses to "reject[] the opinion completely, he must then give specific, legitimate reasons for doing so." *Id.* at 1301 (internal quotation marks omitted).

B. <u>The Relevant Record and the Written Decision</u>

On June 11, 2015, Dr. Chaudry completed a Medical Source Statement ("MSS") in which he expressed his opinion regarding the extent to which Plaintiff's impairments affect her ability to perform work-related activities. R. 608-11 (Ex. 11F). Regarding Plaintiff's mental limitations, Dr. Chaudry noted that Plaintiff was not significantly limited in the categories of understanding and memory, sustained concentration and persistence, social interaction, and adaptation. R. 608-09. However, Dr. Chaudry identified certain physical limitations, including that Plaintiff could never climb, could only occasionally stoop, kneel, or crouch, and should avoid concentrated exposure to heights and hazards. R. 611. Dr. Chaudry also determined that Plaintiff could only lift and carry 15 pounds occasionally and five pounds frequently, could stand and walk no more than 30 minutes continuously and no more than one hour in an eight-hour workday, and could sit less than two hours

continuously and no more than four hours in an eight-hour workday. R. 610. Dr. Chaudry also opined that Plaintiff's impairments would cause her to leave work early or be absent from work more than four days each month. R. 611.

The ALJ discussed Dr. Chaudry's MSS in his written decision. R. 23. Then, after describing the SSA regulations regarding treating-physician opinions, the ALJ addressed the weight he accorded Dr. Chaudry's medical opinion:

> The undersigned gives great weight to the opinion concerning the claimant's mental health of Shabbir A. Chaud[]ry, M.D., who indicated in a medical source statement pertaining to the claimant's mental health, that the claimant was not significantly limited in the areas of understanding and memory, concentration, social interaction, or adaptation. . . . .
>
> The undersigned considered and gives only some weight to the opinion concerning the claimant's physical health of Shabbir A. Chaudry, M.D., who completed a physical medical source statement on behalf of the claimant. Dr. Chaud[]ry stated the claimant could lift 15 pounds occasionally and 5 pounds frequently, and stand and walk a maximum or one hour in an eight hour day and sit a total of four hours in an eight hour day. (Ex. 11F/4). The undersigned concurs with Dr. Chaud[]ry that the claimant's physical impairments are "severe" and certainly limit her to less than "medium" exertion work; however, the doctor's opinion as to the inability of the claimant to perform sustained work activity eight hours a day or forty hours a week, or its equivalent, is not supported by the doctor's treatment notes, Dr. Knutson's treating records, the State Agency physicians' opinions, the medical evidence of record in general, the claimant's present work activity since October 2014, or by the claimant's reported activates and abilities. Therefore, the undersigned affords only some weight [to] the opinion of Dr. Chaud[]ry. (Ex. 11F and 20 CFR 404.1527; SSR 96-2p).

R. 26.

C. The ALJ's Application of the Treating-Physician Rule

Plaintiff's challenge to the ALJ's consideration of Dr. Chaudry's medical opinion focuses upon the second prong of the treating-physician rule and argues that the ALJ

7

"offered an improper explanation for the weight he gave to the opinion" regarding Plaintiff's physical limitations. Pl.'s Br. at 6-9; *see* 20 C.F.R. § 1527(c)(2); *Watkins*, 350 F.3d at 1300-01. The Court finds that while certain of the ALJ's reasons were flawed, the ALJ's remaining rationale provides substantial evidence for the weight assigned.

Plaintiff challenges the ALJ's reliance upon Plaintiff's "present work activity" as a reason for according only "some weight" to Dr. Chaudry's opinion. Pl.'s Br. at 7 (quoting R. 26). The ALJ noted both at step one of his decision and in his RFC analysis that Plaintiff's period of substantial gainful activity between October 2014 and June 2015 indicated that Plaintiff had "significant physical . . . capacity" and was "physically capable of performing work related activities." R. 16, 24. At the hearing, however, Plaintiff testified that while she was paid for approximately four hours of work, two or three days a week during October, November, and December of 2014, she generally only performed a half hour to one hour of actual work during each four-hour period for which she was paid. R. 46-47. This testimony is consistent with the physical limitations expressed in Dr. Chaudry's MSS, specifically the limitation to a maximum of one hour of standing or walking and four hours of sitting in an eight-hour workday. R. 26, 610. As such, the ALJ's citation of this work activity as an example of evidence that fails to support Dr. Chaudry's physical MSS was improper under 20 C.F.R. § 404.1527(c).

Plaintiff also argues that the ALJ's rationale that Dr. Chaudry's opinion was "not supported by [his] treatment notes" was not a "good reason" under 20 C.F.R. § 404.1527(c)(2) because the ALJ failed to "identify what specific treatment notes [he was] referring to." R. 26; Pl.'s Br. at 6. The failure to provide a contemporaneous discussion

of specific inconsistencies, though not always fatal, is problematic in this instance because the ALJ did not identify any such inconsistency elsewhere in his written decision. *Cf. Endriss v. Astrue*, 506 F. App'x 772, 775-76 (10th Cir. 2012) (reflecting that, where the ALJ noted without citation the existence of records inconsistent with a medical opinion, the court "[read] the ALJ's decision as a whole" and looked to other portions of the written decision for explanation).

These deficiencies, however, are insufficient to invalidate the ALJ's analysis of Dr. Chaudry's opinion, as the weight ascribed is supported by the other reasons the ALJ articulates. *See Bainbridge v. Colvin*, 618 F. App'x 384, 390 (10th Cir. 2015 ("But even if this reason was improper, the other reasons the ALJ gave were more than sufficient for rejecting [the treating physician's] opinion.")

First, the ALJ properly noted that Dr. Chaudry's opinion was not supported by the opinions of the state-agency physicians. *See* R. 76 (state-agency physician Yondell Moore, MD, finding Plaintiff had no severe impairments), 87 (state-agency physician Robert Ringrose, MD, finding Plaintiff could stand and/or walk up to six hours in an eight-hour workday and sit up to six hours in an eight-hour workday). Plaintiff argues—as he did regarding Dr. Chaudry's treatment notes—that the ALJ failed to provide specific examples of these inconsistencies in his discussion of Dr. Chaudry's medical opinion. *See* Pl.'s Br. at 7. In this instance, however, the ALJ thoroughly discussed the state-agency physicians' opinions regarding Plaintiff's physical limitations mere paragraphs prior. *See* R. 24 (ALJ concurring with Dr. Moore that Plaintiff "can perform sustained work activity"), 25 (ALJ concurring with Dr. Ringrose that Plaintiff "can sustain work activity"); *see also Endriss*,

9

506 F. App'x at 775-76. Reading the ALJ's decision as a whole, the ALJ's discussion of these inconsistencies is sufficient to make clear his reasoning as to Dr. Chaudry's physical MSS. *See Watkins*, 350 F.3d at 1300.

Second, the ALJ properly pointed to the treatment notes of Zakary Knutson, MD, as medical evidence inconsistent with Dr. Chaudry's medical opinion. R. 26; *see* R. 488-546 (Ex. 4F). Plaintiff suggests that the ALJ should not have used Dr. Knutson's treatment records to discount Dr. Chaudry's opinion because "the ALJ's task is to examine *the other physicians' reports* to see if they outweigh the treating physician's report, not the other way around." Pl.'s Br. at 7 (alterations and internal quotation marks omitted) (citing *Reyes v. Bowen*, 845 F.2d 242 (10th Cir. 1988)). The Tenth Circuit's decision in *Reyes* concerned the unexplained rejection of a treating-physician's opinion in favor of that of an examining physician's, which bears little relevance to the ALJ's reference to Dr. Knutson's treatment notes. *See Reyes*, 242 F.3d at 245. The ALJ pointed to Dr. Knutson's records as medical evidence inconsistent with Dr. Chaudry's opinion and identified this inconsistency as one of many when determining what lesser weight to accord Dr. Chaudry's opinion. R. 26. Such consideration of conflicting evidence is clearly appropriate, and indeed prescribed, under 20 C.F.R. § 404.1527(c)(4) ("Generally, the more consistent a medical opinion is with the record as a whole, the more weight we will give to that medical opinion."). Moreover, the ALJ was sufficiently specific in his description of inconsistencies between Dr. Chaudry's opinion and Dr. Knutson's treatment records to present "good reasons" for the weight assigned to the former. 20 C.F.R. § 404.1527(c)(2); *see, e.g.*, R. 21 (ALJ referencing Dr. Knutson's statements that Plaintiff "demonstrated full extension" in her

left knee postsurgery and that she "could return to work on April 25, 2015"), 22, 24 (ALJ referencing Dr. Knutson's records indicating Plaintiff "could return to work on August 22, 2013, with no restrictions noted" and that Plaintiff's "knee was doing very well"); *see also Watkins*, 350 F.3d at 1300.

Finally, Plaintiff contends that her "reported activities and abilities" do not supply a good reason under § 404.1527(c)(2) for the weight assigned Dr. Chaudry's opinion because (1) Plaintiff reported that her activities were all limited by pain, and (2) "evidence that a claimant engages in limited activates does not establish that the claimant can engage in light or even sedentary work activity." Pl.'s Br. at 8. In his analysis of Plaintiff's subjective complaints, the ALJ discussed in detail Plaintiff's self-reported activities and noted that the "level of activity does not comport with that of someone who experiences the level of pain and physical limitation the claimant allegedly experiences on a daily basis." R. 24 (citing Plaintiff's hearing testimony and Plaintiff's self-report to the state-agency examining psychologist). And while Plaintiff is correct that evidence of limited activities "does not establish that the claimant can engage in light or sedentary work activity," *Gossett v. Brown*, 862 F.2d 802, 807 (10th Cir. 1988), these activities "may be considered, along with other evidence, in determining whether a person is entitled to disability benefits," *id.*; *see also* 20 C.F.R. § 404.1529(c)(3)(i). Plaintiff testified at the hearing that she handles her own personal care, does a little cooking, cleaning, and laundry, and drives her car by herself. R. 54-59. The ALJ properly considered this evidence in conjunction with the evidence outlined above as contrary to Dr. Chaudry's medical opinion regarding Plaintiff's physical limitations. *See* 20 C.F.R. § 404.1527(c)(4).

11

The majority of the ALJ's reasons "for the weight he ultimately assign[ed]" Dr. Chaudry's opinion are "good reasons," and the ALJ's discussion overall was "'sufficiently specific to make clear to any subsequent reviewers the weight the [ALJ] gave to the treating source's medical opinion and the reasons for that weight.'" *Watkins*, 350 F.3d at 1300 (quoting SSR 96-2p, 1996 WL 374188, at *5), 1301; *see Bainbridge*, 618 F. App'x at 390; *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1166 (10th Cir. 2012) (noting that the Court does not "insist on technical perfection" in an ALJ's reasoning). Plaintiff has not shown that reversal is required based upon any error by the ALJ in assigning less-than-full weight to Dr. Chaudry's MSS findings regarding Plaintiff's physical limitations.

D. <u>The ALJ's Assignment of Different Weights to Dr. Chaudry's Medical Opinion</u>

Plaintiff next argues that the ALJ improperly "cherry-picked" aspects of Dr. Chaudry's opinion. Specifically, Plaintiff claims it was improper for the ALJ to use Dr. Chaudry's medical opinion "as support for [the ALJ's] mental findings when he also claims that same opinion is entitled to only 'some weight' for the physical findings." Pl.'s Br. at 6; *see* R. 26. The Tenth Circuit has made clear that an ALJ "may not pick and choose which aspects of an uncontradicted medical opinion to believe, relying on only those parts favorable to a finding of nondisability." *Hamlin v. Barnhart*, 365 F.3d 1208, 1219 (10th Cir. 2004). Contrary to Plaintiff's suggestion, however, the Tenth Circuit's admonition does not preclude an ALJ from according different aspects of a medical opinion different weights, so long as the ALJ's analysis and reasoning comply with the applicable regulations and are supported by substantial evidence. *See, e.g.*, *Endriss*, 506 F. App'x at 775-76; *Nguyen v. Colvin*, No. CIV-15-973-R, 2016 WL 4384373, at *4 (W.D. Okla. July

28, 2016) (R. & R.), *adopted*, 2016 WL 4384799 (W.D. Okla. Aug. 16, 2016). Plaintiff does not allege that the ALJ failed to comply with 20 C.F.R. § 404.1527(c) when evaluating Dr. Chaudry's opinion concerning Plaintiff's mental limitations. Nor does the ALJ's written decision reflect that the ALJ failed to provide "good reasons" for the respective weights accorded the physical and mental portions of the opinion. *See* R. 26; *supra* Part I.C.

Moreover, the record does not reflect that Dr. Chaudry's opinion was "uncontradicted" such as would trigger the applicability of *Hamlin*. *See, e.g.*, R. 26 (ALJ's description of contrary evidence), 87 (reviewing physician's determination that Plaintiff can stand and/or walk up to six hours in an eight-hour workday and sit up to six hours in an eight-hour workday). Plaintiff has not shown that reversal is required on this point.

## II. *The ALJ Properly Assessed the State-Agency Examining Psychologist's Opinion*

Plaintiff argues that the ALJ failed to comply with SSA regulations in evaluating the medical opinion of examining psychologist Stephanie C. Crall, Ph.D. *See* Pl's Br. at 10-11. Dr. Crall examined Plaintiff on a single occasion. R. 554-59 (Ex. 6F). Because Dr. Crall was an examining source but not a treating source, the ALJ was required to "evaluate," "consider," "address," and weigh Dr. Crall's opinion. 20 C.F.R. § 404.1527(b), (c); SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996). The ALJ gave minimal weight to Dr. Crall's opinion that Plaintiff's "depression, anxiety, and physical problems would likely interfere with [Plaintiff's] ability to adapt to competitive work environments," reasoning that this opinion was "inconsistent with the evidence of record as there is no diagnosis (or treatment) of major depressive disorder or generalized anxiety disorder

13

contained in the evidence or record" and "Dr. Crall's diagnosis was primarily based upon [Plaintiff's] account of her personal history." R. 25, 556. The ALJ further based his assignment of minimal weight on the opinion's inconsistency with Dr. Chaudry's opinion that Plaintiff's impairments did not significantly limit Plaintiff "in the areas of understanding and memory, concentration, social interaction, or adaptation." R. 25 (citing R. 608-09).

Plaintiff does not dispute that Dr. Crall's opinion was based upon Plaintiff's subjective account but contends that the ALJ erred in discounting the opinion based upon this derivation. *See* Pl.'s Br. at 11. Plaintiff also contends that the ALJ's consideration of the lack of relevant diagnoses and treatments was improper. *See id.* at 10. SSA regulations prescribe that the supportability of a medical opinion be considered when determining the opinion's weight, however. *See* 20 C.F.R. § 404.1527(c)(3) ("The more a medical source presents relevant evidence to support a medical opinion, particularly medical signs and laboratory findings, the more weight we will give that medical opinion."). And Plaintiff does not dispute the ALJ's other reasons for assigning Dr. Crall's opinion minimal weight. *See* R. 25 (explaining that Dr. Crall's opinion is not entitled to controlling weight because she is not a treating source and noting that Dr. Crall's opinion conflicts with that of Plaintiff's treating source, Dr. Chaudry, who found Plaintiff "was not significantly limited in the areas of understanding and memory, concentration, social interaction, or adaptation"); *see* 20 C.F.R. § 404.1527(c)(2), (4); *Robinson v. Barnhart*, 366 F.3d 1078, 1084 (10th Cir. 2004) ("The opinion of an examining physician is generally entitled to less weight than that of a treating physician . . . ."); *accord Watkins*, 350 F.3d at 1300. Plaintiff

has not shown that the ALJ's treatment of Dr. Crall's opinion was tainted by legal error or is unsupported by substantial evidence in the record.

## CONCLUSION

The decision of the Commissioner is AFFIRMED. Judgment shall issue accordingly.

IT IS SO ORDERED this 21st day of September, 2018.

_____
CHARLES B. GOODWIN
United States District Judge